# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

COLUMBINE DEVINCENT BATALONA,

        Plaintiff,

vs.

NANCY A. BERYHILL, Commissioner of Social Security,

        Defendant.

2:18-cv-02309-JAD-VCF

**ORDER**
MOTION FOR REMAND [ECF NO. 18]; MOTION TO AFFIRM [ECF NO. 23]

This matter involves plaintiff Columbine Devincent Batalona's appeal from the Administrative Law Judge's ("ALJ") decision denying her social security benefits. Before the Court are Batalona's motion for remand (ECF No. 18) and the Commissioner's cross-motion to affirm and response (ECF Nos. 18, 23). The Court GRANTS plaintiff's motion to remand and DENIES the Commissioner's cross-motion.

**I.     Standard of Review**

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.

*See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

**II.     Background**

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded plaintiff had

2

not engaged in substantial gainful activity since October 14, 2014, the alleged onset date. (AR[1] 23). The ALJ found plaintiff had the following severe impact impairments: degenerative disc disease, obesity, arthritis of the knees, depression, and bipolar disorder. (*Id.*)  The ALJ found plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ assessed Batalona as retaining the residual functional capacity to perform the demands of sedentary work but with the following specific limitations: "the claimant must avoid concentrated exposure to vibrations; lift and carry 10 pounds occasionally and 10 pounds frequently; no balancing or crawling; and she can perform all other postural activities on an occasional basis." (*Id.* at 26).  The claimant, "can stand and walk for two hours in an eight hour workday; sit for six hours in an eight-hour workday with normal breaks; no ladders, ropes or scaffolds; and she cannot work at unprotected heights or around dangerous moving machinery." (*Id.*)  "[T]he claimant requires occasional cane use to ambulate to and from the work site…. the claimant is limited to unskilled work." (*Id.*)  The ALJ also found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2009. (*Id.* at 23). The ALJ concluded that plaintiff was not under a disability within the meaning of the Social Security Act from October 14, 2014 through the date of the decision on November 13, 2017. (*Id*. at 34).

    Plaintiff challenges the ALJ's conclusions on two grounds: 1) that the ALJ improperly rejected Batalona's testimony, and 2) that the ALJ improperly rejected the opinion of a physician's assistant. (ECF No. 18). Plaintiff argues that the ALJ failed to provide clear and convincing findings in support of the ALJ's rejection of plaintiff's testimony regarding her pain, symptoms, and level of limitation.  (*Id.* at 11). The plaintiff also argues that the ALJ failed to provide germane reasons for rejecting the opinions of

---

[1] The Administrative Record ("AR") is found at ECF No. 15.

the physician's assistant. (*Id.* at 6).

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF No. 23 at 8). The Commissioner argues that the ALJ appropriately discounted her testimony because he found that, "[p]laintiff's treatment was often conservative, and that she herself declined more aggressive treatment modalities." (*Id*. at 6, citing to AR 28, 456). ("She does not wish to undergo anything other than medication refills"; recommendation for Plaintiff to start 10-15 minutes of exercise twice per day). (AR 28). The Commissioner also argues that the physician's assistant is not an acceptable medical source pursuant to 20 C.F.R. § 404.1502(a), and that the ALJ thus gave germane reasons for discounting the physician's assistant's statement."

**A. Rejecting Plaintiff's Pain and Symptom Testimony**

The ALJ must engage in a preliminary two-step analysis before discounting the claimant's testimony regarding her subjective symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035- 36 (9th Cir. 2007). The ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006). To reject the claimant's testimony, the ALJ must point to specific facts in the record that demonstrate the individual's symptoms are less severe than she claims. *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009). General findings are not enough: the ALJ must identify which testimony is not

credible and what evidence undermines it. *Lester*, 81 F.3d at 834.  The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015); citing to *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).  The Ninth Circuit has found that, "an ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific finding in support' of that conclusion, is insufficient." *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted).

The Ninth Circuit has explained that a conservative course of treatment suggested "a lower level of both pain and functional limitation." *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995). The Ninth Circuit has also held that narcotics are not conservative treatments, especially in conjunction with surgery.  *Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (finding ALJ's reasons for determining conservative treatment unconvincing because Plaintiff used narcotics, took injections for back pain, and underwent surgery); see also *Childers v. Berryhill*, No. 3:18-cv-00170-RCJ-CBC, 2019 U.S. Dist. LEXIS 57474, at 25 (D. Nev. Mar. 12, 2019) ("Many courts consider the use of narcotics…for pain management not conservative in nature").

The ALJ found plaintiff's medically determinable impairments could be reasonably expected to cause the alleged symptoms. (AR at 27). The ALJ found that that Batalona's statements concerning intensity, persistence, and limiting effects of her symptoms are "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)  The ALJ summarized the medical evidence, including plaintiff's multiple surgeries and treatments, but he did not identify which portions of Batalona's testimony contradicted the evidence or what he found not credible. AR 27- 30. The ALJ's general statements regarding the insufficiency of the medical evidence fall short of the specificity required by

5

the Ninth Circuit.

As the Commissioner points out, although the ALJ did not provide a specific analysis of Batalona's testimony, the ALJ appears to reject Batalona's testimony based on his assessment that her treatment is conservative. (ECF No. 23 at 6). The ALJ summarizes plaintiff's many surgeries and notes that plaintiff's doctor has prescribed her many opiod (narcotic) pain relievers (AR 27-30; AR 1373). (At the hearing, the ALJ stated that Batalona's medical records show, "chronic narcotic use" due to her prescription drug history. (AR 53, citing to AR 1373)). The ALJ cites to plaintiff's medical record for the proposition that plaintiff, "does not wish to undergo anything other than medication refills" rather than follow her doctor's recommendation, "to increase physical activity as tolerated, including 10 to 15 minutes of exercise twice a day." (AR 28).

The ALJ summarized Batalona's narcotic use and many surgeries, but he did not provide an analysis regarding how her specific testimony regarding her pain and symptoms contradicted the medical record. The Commissioner's argument, that it appears that the ALJ characterized Batalona's treatment as conservative in nature, is not persuasive because the Ninth Circuit has held that prescription narcotic use, especially in conjunction with surgery, is not conservative in nature. The Court finds that the ALJ did not make specific, clear, and convincing findings regarding how plaintiff's testimony is contradicted by the record.

Because the Court is recommending that the plaintiff's case be remanded on the issue of the ALJ's failure to give clear and convincing reasons for rejecting plaintiff Batalona's testimony, the Court does not reach the other issue regarding the ALJ's rejection of the physician's assistant's opinion raised by the plaintiff in this appeal.

**III.     Remand**

The Court finds the ALJ did not give clear and convincing reasons for discrediting plaintiff's

testimony. The Court recommends the case be remanded to the agency for further administrative proceedings. When the Court finds an ALJ erred in denying social security benefits, ordinarily the Court "must remand to the agency for further proceedings before directing an award of benefits.*" Leon v. Berryhill*, 874 F.3d 1130 at 5 (9th Cir. 2017, amended Jan. 25, 2018) (citing *Treichler v. Comm'r of SSA.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

The "credit-as-true," rule permits a direct award of benefits on review in rare circumstances. *Id.* at 3. Under the three-part rule, the Court first considers whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* at 6. This step is met for the reasons set forth above. At the second step, the Court considers whether there are "outstanding issues that must be resolved before a disability determination can be made" and whether further administrative proceedings would be useful. *Treichler*, 775 F.3d at 1101. "In evaluating this issue, [the Court] consider[s] whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104. "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Id.* at 1105. Because the ALJ's findings regarding the claimant's subjective testimony are inadequate, remand for further findings on credibility is appropriate. See *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995). The Court finds further administrative proceedings are necessary and recommends the case be remanded.

//

Having reviewed the administrative record as a whole, the Court finds that the ALJ's decision is not wholly supported by substantial evidence and recommends the case is remanded.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff's motion for reversal and/or remand (ECF No. 18) is GRANTED and the case is REMANDED, and the Commissioner's cross-motion to affirm (ECF No. 23) is DENIED.

IT IS FURTHER ORDERED that under Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul[2] for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against the Defendant, reversing the final decision of the Commissioner.

DATED this 24th day of January, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] After the parties briefed the motion, Andrew Saul was sworn in as Commissioner of the Social Security Administration. As permitted under Federal Rule of Civil Procedure 25(d), the clerk of court is directed to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.